No. 23-1384

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

APPALACHIAN VOICES, ET AL.,
Petitioners,

v.

UNITED STATES DEPARTMENT OF THE INTERIOR, ET AL.,
Respondents,

and

MOUNTAIN VALLEY PIPELINE, LLC,
Intervenor.

## MOUNTAIN VALLEY PIPELINE, LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION OR, IN THE ALTERNATIVE, FOR SUMMARY DENIAL

Pursuant to Federal Rule of Appellate Procedure 27 and Fourth Circuit Rule 27(f), Mountain Valley Pipeline, LLC (Mountain Valley), by counsel, hereby moves to dismiss the Petition for lack of jurisdiction or, in the alternative, for summary denial.  Respondents do not oppose this motion.  Petitioners have indicated that they intend to review the motion once it is filed and will respond accordingly.

## BACKGROUND

On June 3, 2023, President Biden signed into law the Fiscal Responsibility Act (Act).  Section 324 of the Act (Ex. 1) "finds and declares that the timely completion of construction and operation of the Mountain

Valley Pipeline is required in the national interest." Act § 324(b). To that end, the Act provides that "no court shall have jurisdiction to review any action taken by" an administrative agency "necessary for the construction and initial operation at full capacity of the Mountain Valley Pipeline . . . whether issued prior to, on, or subsequent to the date of enactment of this section, and including any lawsuit pending in a court as of the date of enactment of this section." *Id.* § 324(e)(1).¹ The Act also "ratifies and approves" all administrative actions "necessary for the construction and initial operation at full capacity of the Mountain Valley Pipeline." *Id.* § 324(c)(1). Finally, the Act "directs the [respective] Secretar[ies] . . . to continue to maintain such authorizations, permits, verifications, extensions, biological opinions, incidental take statements, and any other approvals or orders issued pursuant to Federal law necessary for the construction and initial operation at full capacity of the Mountain Valley Pipeline." *Id.* § 324(c)(2).

Two months ago, Petitioners initiated this Petition for Review of the U.S. Fish & Wildlife Service's (USFWS) Biological Opinion and Incidental Take Statement (BiOp/ITS). Shortly thereafter, Petitioners moved to stay the effectiveness of the BiOp/ITS pending review. ECF No. 17. Because the plain

---

¹ The legislation also gives the D.C. Circuit exclusive jurisdiction to entertain any challenges to Section 324 itself, or arguments that "an action is beyond the scope of authority conferred by [Section 324]." Act § 324(e)(2).

2

language of the Act now divests this Court of jurisdiction over this petition and separately moots Petitioners' claims, the Court must dismiss the Petition.

## ARGUMENT

I. **The Court must dismiss the Petition for Review for lack of subject matter jurisdiction.**

   A. **Congress stripped federal courts of jurisdiction to hear challenges to the BiOp/ITS.**

This Court lacks statutory jurisdiction to consider this petition. Section 324(e)(1) provides that, "[n]otwithstanding any other provision of law," "no court shall have jurisdiction to review any action taken by" any agency to approve a covered permit for the Mountain Valley Pipeline project (Project), now or in the future. The list of covered permits and authorizations includes "biological opinion" and "incidental take statement." *Id.* And section 324(e)(1) explicitly applies to such permits "whether issued prior to, on, or subsequent to the date of enactment" of the legislation, and includes "any lawsuit pending in a court as of the date of enactment of this section." *Id.* This language squarely encompasses the challenge brought in this pending case.

Congress has the power to define the jurisdiction of lower federal courts. "[W]hen Congress strips federal courts of jurisdiction, it exercises a valid legislative power," and "Congress generally does not infringe the judicial power when it strips jurisdiction because . . . a congressional grant of

3

jurisdiction is a *prerequisite* to the exercise of judicial power." *Patchak v. Zinke*, 138 S. Ct. 897, 906–07 (2018) (plurality op.) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94–95 (1998), and *Cary v. Curtis*, 3 How. 236, 245 (1845)); *accord generally Nat'l Coal. to Save Our Mall v. Norton*, 269 F.3d 1092, 1096 (D.C. Cir. 2001) ("'[w]hen a new law makes clear that it is retroactive, an appellate court must apply that law in reviewing judgments still on appeal that were rendered before the law was enacted, and must alter the outcome accordingly'" (quoting *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 226 (1995)). Congress exercised that power appropriately in passing the Act.

Absent jurisdiction, this Court must dismiss the case and proceed no further. "'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co.*, 523 U.S. at 94 (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)); *see also Monaco v. WV Parkways Auth.*, 57 F.4th 185, 187 (4th Cir. 2023). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co.* 523 U.S. at 94–95 (quoting *Mansfield, C. & L. M. R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

B.     **The Act moots the Petition.**

The Court also lacks jurisdiction because the Act renders the Petition moot. In Section 324(c), Congress explicitly "ratifie[d] and approve[d]" all federal authorizations, permits, and other actions necessary for the construction and operation of the Project, and expressly directed (in mandatory terms) each agency official "to continue to maintain" such authorizations. Act § 324(c). That language clearly and unambiguously encompasses the BiOp/ITS. Congress imposed those mandatory directives "[n]otwithstanding any other provision of law." *Id.* § 324(e). Thus, even if this Court were to conclude that USFWS issued the BiOp/ITS in a manner inconsistent with some other law, it could not grant Petitioners any effective relief, because Congress has now amended the applicable law and ratified and approved those agency actions and has directed each agency "to continue to maintain" those authorizations going forward. *Incumaa v. Ozmint*, 507 F.3d 281, 286 (4th Cir. 2007) ("'[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed[.]'" (citing *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12, (1992))).

The D.C. Circuit's decision in *Friends of the Earth v. Haaland* is directly on point. No. 22-5036, 2023 WL 3144203 (D.C. Cir. Apr. 28, 2023) (per curiam).

5

There, the court dismissed as moot a case involving the legality of a decision of the Bureau of Ocean and Energy Management to grant certain offshore oil and gas leases. *Id.* at *1. A district court had originally vacated the leases after finding a violation of the National Environmental Policy Act (NEPA), but while the litigation was pending on appeal, Congress enacted, and President Biden signed, the Inflation Reduction Act. The Inflation Reduction Act directed the Secretary of the Interior to "'accept the highest valid bid for each tract or bidding unit'" and then "'promptly issue to the high bidder a fully executed lease.'" *Id.* (citation omitted). The D.C. Circuit dismissed the case as moot and vacated the district court's original order invalidating the leases. The court explained that "[e]ven if we agreed with the environmental groups that the [original] sale failed to comply with [NEPA], the result will be the same [under the Inflation Reduction Act]: The highest bidders will receive their leases. So it is impossible for this court to grant the prevailing party effective relief." *Id.* (internal quotation marks and citation omitted); *accord Nuclear Energy Inst., Inc. v. EPA*, 373 F.3d 1251, 1309 (D.C. Cir. 2004) (per curiam) ("Where Congress enacts intervening legislation that definitively resolves the issues a litigant seeks to put before us, the claims are moot and we are precluded from deciding them.").

The same rationale applies with equal force here.

6

## II. In the alternative, the Court should summarily deny the Petition.

Even if the court were to find jurisdiction and conclude the case is not moot, it should summarily deny the petition for judicial review (as well as the pending motion for stay), because Congress has altered the governing law by ratifying and approving all relevant permits and authorizations necessary for construction and initial operation at full capacity of the Project, and it has further directed the agencies to continue to maintain all necessary authorizations going forward.

"[T]he legislative power is the power to make law, and Congress can make laws that apply retroactively to pending lawsuits, even when it effectively ensures that one side wins." *Patchak*, 138 S. Ct. at 905 (plurality op.) (citing *Bank Markazi v. Peterson*, 136 S. Ct. 1310, 1324–27 (2016)). Indeed, even assuming arguendo that Petitioners had colorable claims prior to enactment of Section 324, it has long been established that Congress may retroactively ratify Government action that was unauthorized when taken. *See United States v. Heinszen*, 206 U.S. 370, 382–83 (1907); *Patchak*, 138 S. Ct. at 911 (Breyer, J., concurring); *see also Fund for Animals, Inc. v. U.S. Bureau of Land Mgmt.*, 460 F.3d 13, 19 & n.7 (D.C. Cir. 2006).

Section 324(b) codifies Congress's determination that the construction and operation of Mountain Valley is "required in the national interest." Act

7

§ 324(b). To that end, Congress expressly ratified and approved "all" permits and authorizations necessary for the Project and directed each relevant Secretary or other agency official "to continue to maintain such authorizations" as may be "necessary for the construction and initial operation at full capacity of [the Project]." *Id.* § 324(c). Through that ratification, Congress has amended the applicable law, thereby transforming Petitioners' case from a challenge to USFWS's actions in issuing the BiOp/ITS into a challenge to an act of Congress. *See, e.g.*, *James v. Hodel*, 696 F. Supp. 699, 701 (D.D.C. 1988), *aff'd sub nom. James v. Lujan*, 893 F.2d 1404 (D.C. Cir. 1990) ("The ratification and confirmation of the [agency decision] . . . transforms the plaintiffs' challenge to that decision into a challenge of the Settlement Act itself. . . . Once Congress has thus ratified agency action by statute, even if that action had been arbitrary and capricious, judicial review requires a challenge to the statute itself.").

Congress expressly approved the BiOp/ITS notwithstanding any other provision of law. Petitioners cannot possibly succeed on the merits of claims that allege the permit is inconsistent with such "other . . . law[s]."

8

## CONCLUSION

For the foregoing reasons, Mountain Valley respectfully requests that the Court dismiss the petition for lack of jurisdiction or, in the alternative, deny it summarily.

Dated: June 5, 2023

                                Respectfully submitted,

                                /s/ George P. Sibley, III

George P. Sibley, III
J. Pierce Lamberson
Hunton Andrews Kurth LLP
951 E. Byrd St.
Richmond, VA 23219
Telephone: (804) 788-8716
Facsimile: (804) 343-4733
Email: gsibley@hunton.com

*Counsel for Mountain Valley Pipeline, LLC*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-face requirements of Fed. R. App. P. 32(a)(5) and the type-volume limitations of Fed. R. App. P. 27(d)(2)(A). This motion contains 1,720 words, excluding the parts of the motion excluded by Fed. R. App. P. 27(d)(2) and 32(f).

/s/ George P. Sibley, III
*Counsel for Mountain Valley Pipeline, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2023, I electronically filed the foregoing **Motion to Dismiss Petition for Lack of Jurisdiction or, In the Alternative, for Summary Denial of the Petition** with the Clerk of Court using the CM/ECF System which will automatically send e-mail notification of such filing to all counsel of record.

      /s/ George P. Sibley, III
*Counsel for Mountain Valley Pipeline, LLC*