No. 23-1384

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

APPALACHIAN VOICES, ET AL.,
Petitioners,

v.

UNITED STATES DEPARTMENT OF THE INTERIOR, ET AL.,
Respondents,

and

MOUNTAIN VALLEY PIPELINE, LLC,
Intervenor.

**MOUNTAIN VALLEY PIPELINE, LLC'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS FOR LACK OF JURISDICTION OR, IN THE
<u>ALTERNATIVE, FOR SUMMARY DENIAL</u>**

Congress passed the Fiscal Responsibility Act (Act) with strong bipartisan support in both houses of Congress.  Two days later, President Biden signed the Act into law, *see* Fiscal Responsibility Act of 2023, Pub. L. No. 118-5, 137 Stat. 10 (2023), observing that "'[n]o one got everything they wanted, but the American people got what they needed.'"[1]  One product of this quintessentially democratic process—Section 324—compels dismissal of this Petition for Review of the U.S. Fish & Wildlife Service's (USFWS)

---

[1] Michael D. Shear, *Biden Signs Fiscal Responsibility Act in End to Debt Limit Crisis*, THE NEW YORK TIMES (June 3, 2023), https://tinyurl.com/492ty23d.

February 28, 2023, Biological Opinion and Incidental Take Statement (BiOp) for the Mountain Valley Pipeline Project (Project).

Petitioners oppose dismissal solely because they say Section 324 is unconstitutional. But this is not the Court to hear that claim. Congress, in plain terms, gave the D.C. Circuit "exclusive jurisdiction" to hear such claims. Act §324(e)(2). This Court thus lacks jurisdiction to consider Petitioners' constitutional challenges, and the motions to dismiss must be granted—particularly given that Petitioners have improperly attempted to game the system to avoid presenting their constitutional claims to the D.C. Circuit, despite a ready opportunity to do so.

But even if the Court rewards Petitioners' gamesmanship, disregards the Act's channeling of constitutional challenges to the D.C. Circuit, and reaches the merits of Petitioners' constitutional claims, those claims fail. Congress does not improperly trench on the judicial power when it provides new law for courts to apply to a class of pending cases, even if the law effectively ensures that one side will win. *Patchak v. Zinke*, 138 S. Ct. 897, 905 (2018) (plurality op.); *Bank Markazi v. Peterson*, 578 U.S. 212, 215 (2016); *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 218 (1995); *Robertson v. Seattle Audubon Soc.*, 503 U.S. 429, 441 (1992). That is what happened here. Tellingly, Petitioners cite no case from *any court* in the past 150 years ruling in favor of their separation-of-

powers theory, and *United States v. Klein*, 80 U.S. 128, 146 (1871), itself, is readily distinguishable. A fair reading of the Act easily defeats Petitioners' conclusory assertions that it singles out this particular case and attempts to compel its outcome under old law. Any other result would depart substantially from an unbroken line of consistent precedent.

## ARGUMENT

I.      **This Court lacks jurisdiction to decide the constitutionality of the Act.**

Petitioners respond to the motions to dismiss by contending (at 4–5, 9–23) that the Act is unconstitutional. But this Court is not the appropriate forum for those claims.

In stripping all courts of jurisdiction to review "any action" related to the Project—including in "any lawsuit pending in a court"—Congress made clear that the D.C. Circuit "shall have original and exclusive jurisdiction over any claim alleging the invalidity of this section or that an action is beyond the scope of authority conferred by [Section 324]." Act §324(e). Because Petitioners' constitutional challenges plainly constitute "claim[s] alleging the invalidity of this section," the D.C. Circuit—rather than this Court—has "exclusive" jurisdiction to decide them, and this Court's jurisdictional inquiry must proceed no further than applying Section 324(e)(1) to the facts of this case. *See, e.g.*, *Flores-Garza v. I.N.S.*, 328 F.3d 797, 802–03 (5th Cir. 2003)

(explaining that the "inquiry into the scope of [] jurisdiction must begin and end" with undisputed facts showing that "jurisdiction-stripping provisions … clearly apply").

Petitioners (at 6) resist this straightforward conclusion by isolating the terms "claim" and "original … jurisdiction," and arguing that Section 324(e)(2) addresses only "*new* litigation." But statutory "language is not read in isolation, rather '[i]t is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.'" *Lynch v. Jackson*, 853 F.3d 116, 121 (4th Cir. 2017) (citation omitted). Section 324 first withdraws jurisdiction from *all courts* to review any action related to the Project, then provides an "exclusive" outlet for challenges to the legislation itself in *a single court*. This sequencing demonstrates that Congress foresaw Petitioners' attempts to litigate the constitutionality of Section 324—including in "any lawsuit pending in a court"—and deliberately limited jurisdiction for such challenges to the D.C. Circuit.

Section 324(e)(2) also fits into the "overall statutory scheme" of ensuring the "timely completion of construction and operation of the Mountain Valley Pipeline," Act §324(b), by consolidating and simplifying review of the legislation in a single forum. Petitioners' interpretation, in contrast, would

4

multiply the litigation of constitutional issues in any case in which challengers put a court's jurisdiction into play, directly contradicting the Act's overarching goal. It also would improperly deprive Section 324(e)(2) of meaningful effect, because this Court's obligation to assure its jurisdiction over pending cases would (under Petitioners' reading) immediately tee up constitutional challenges here, not in the D.C. Circuit. *Cf. Scott v. United States*, 328 F.3d 132, 139 (4th Cir. 2023) (courts should "avoid any interpretation ... render[ing] statutory terms meaningless").

Petitioners' equation of the word "claim" with "cause of action" also violates the principle that courts should give statutory language its "'ordinary, contemporary, common meaning.'" *Stewart v. Iancu*, 912 F.3d 693, 702 (4th Cir. 2019) (citation omitted). Congress nowhere signaled an intent to restrict the word "claim" in Section 324(e)(2) to a "legal term[] of art," as Petitioners contend (at 8). Tellingly, Petitioners' preferred definition reflects *the fourth listed definition* for "claim" in Black's Law Dictionary. *CLAIM*, BLACK'S LAW DICTIONARY (11th ed. 2019). But the *first* definition—"[a] statement that something yet to be proved is true"—hews much closer to the ordinary and common meaning of "claim." *Id.*

Section 324(e)(2)'s use of "*original* ... jurisdiction" does not compel a different result as Petitioners contend (at 7–8). Consistent with provisions like

5

15 U.S.C. § 717r(d)(1), the use of "original" merely specifies that the D.C. Circuit can decide constitutionality in the first instance, without waiting for a district court to rule on the issue first.

In service of their theory, Petitioners (at 7) even go so far as to equate the word "claim" with "lawsuit."  But Congress used "lawsuit" in Section 324(e)(1), and specifically chose a broader word for Section 324(e)(2). Meanwhile, it avoided terms like "civil action," which jurisdictional statutes regularly employ to signal the initiation of a lawsuit.  *See, e.g.*, 15 U.S.C. § 717r(d)(1).

In all events, even under Petitioners' understanding of the word "claim," their claim challenging the BiOp necessarily "alleg[es] the invalidity of" Section 324.  As in all cases, an essential element of Petitioners' claim against the USFWS—one Petitioners bear the burden of affirmatively establishing—is that this Court has subject-matter jurisdiction.  *Sierra Club v. U.S. Army Corps of Eng'rs*, 981 F.3d 251, 257 (4th Cir. 2020) (per curiam).

Notably, Petitioners have a clear path to assert their constitutional challenges in *Appalachian Voices v. FERC*, No. 22-1330 (D.C. Cir.), where Mountain Valley has moved to dismiss on the basis of Section 324.  But instead of taking that path, Petitioners instead moved to voluntarily dismiss that case.  *See* Joint Resp. in Opp'n to Mot. for Vol. Dismissal, *Appalachian*

6

*Voices v. FERC*, No. 22-1330 (D.C. Cir. July 3, 2023) (Doc. 2006275).

Petitioners' thinly-veiled efforts to game the system and consolidate review in their preferred forum—in direct contravention of Section 324(e)(2)—should not be rewarded.

## II.    The Act is constitutional.

In all events, Petitioners' constitutional challenges lack merit. Petitioners (at 4–5, 9, 18–22) claim the Act violates the separation of powers by dictating the outcome of this case. But an unbroken line of Supreme Court majority decisions "make clear" that Congress "may amend the law and make the change applicable to pending cases, even when the amendment is outcome determinative." *Bank Markazi*, 578 U.S. at 215; *see also Plaut*, 514 U.S. at 218; *Robertson*, 503 U.S. at 441. That is what Congress did here.

Section 324 amends the law in two principal ways. First, it "ratifies and approves" all authorizations for the Project and directs the relevant agencies to "continue to maintain" those authorizations. Act §324(c). Second, it channels all disputes over the lawfulness of Section 324 and all questions about whether a particular agency action falls within the scope of Section 324 to the D.C. Circuit, while stripping all courts of jurisdiction to hear pending and future cases challenging the lawfulness of these agency authorizations. *Id.* §324(e). Both amendments apply "[n]otwithstanding any other provision of law," *id.*

§324(c), (e)(1), and both "supersede[] any other provision of law," *id.* §324(f). Because these provisions "change[] the law," rather than "compel[] … findings or results under old law," they do not impermissibly infringe on the judicial power. *Patchak*, 138 S. Ct. at 905 (plurality op.) (citing *Plaut*, 514 U.S. at 218 and *Robertson*, 503 U.S. at 438).

Take Section 324(c)'s ratification and approval of existing authorizations first. The Act's ratification of the BiOp changes the underlying environmental law. Instead of directing courts to affirm the BiOp under old law—by dictating that it satisfies the requirements of the Endangered Species Act (ESA) and the Administrative Procedure Act, for example—the Act supplies a new standard for courts to apply. Indeed, Congress clarified that the provision "supersedes any other provision of law," §324(f), and applies "[n]otwithstanding any other provision of law," §324(c). Just like the provisions at issue in *Robertson* and *Bank Markazi*, Section 324(c) permissibly "directs courts to apply a new legal standard to undisputed facts." *Bank Markazi*, 578 U.S. at 230.

Petitioners' only response (at 18–19) is that Section 324(c) "provides nothing for the Court to apply." Not so. Courts clearly must apply §324(c) and (e)(1) before resolving any particular challenge to an authorization for the Project. In doing so, they must determine whether the authorization falls within the list of approvals specified therein. And if the authorization is not

8

specifically listed, they must determine whether the approval is "necessary for the construction and initial operation at full capacity of the [Project]." Act §324(c), (e). The standard may not be "difficult to interpret or apply," *Patchak*, 138 S. Ct. at 910 (plurality op.), but the relevant question is not whether the standard leaves "too little for courts to do," but whether it "attempt[s] to direct the result without altering the [applicable] legal standards." *Bank Markazi*, 578 U.S. at 228.

Section 324(c) unquestionably alters the legal standard and thus sits comfortably with a consistent line of precedent from other circuits upholding similar legislation. *See, e.g.*, *National Coal. to Save Our Mall v. Norton*, 269 F.3d 1092, 1093–94, 1097 (D.C. Cir. 2001) (upholding legislation enacted during pendency of litigation challenging various permits issued for construction of memorial on the National Mall, where Congress directed project to proceed "[n]otwithstanding any other provision of law"); *Friends of Animals v. Jewell*, 824 F.3d 1033, 1045 (D.C. Cir. 2016) (upholding statute directing Secretary of Interior to take particular action "'without regard to any other provision of statute or regulation that applies to issuance of such rule'"); *Apache Survival Coal. v. United States*, 21 F.3d 895, 901–04 (9th Cir. 1994) (upholding statute that "substituted preexisting legal standards that governed a particular project … with … new standards").

9

The validity of Section 324(c) alone suffices to compel dismissal here. But even if it did not, Section 324(e)(1) independently and permissibly amends the law applicable to this case, because "[s]tatutes that strip jurisdiction 'chang[e] the law' for the purpose of Article III." *Patchak*, 138 S. Ct. at 906–07 (plurality op.) (citing *Plaut*, 514 U.S. at 218).

Remarkably, Petitioners (at 14–16) ask this Court to ignore prior Supreme Court majority opinions and jettison the *Patchak* plurality—along with all of the precedent it relies on—in favor of the dissenting opinion in that case. That argument is wrong in every conceivable respect.

Most importantly, the Court's majority opinion in *Bank Markazi* rejected the principle underlying Chief Justice Roberts's dissent, emphasizing that "[t]his Court and lower courts have upheld as a valid exercise of Congress' legislative power diverse laws that governed one or a very small number of specific subjects," citing with favor the *National Coalition* case, which upheld a statute stripping courts of jurisdiction to review permits for a single construction project. 578 U.S. at 234. In any event, Section 324 does not "target[] a single pending case," either in theory or in practical effect. *Patchak*, 138 S. Ct. at 918 (Roberts, C.J., dissenting). Instead, it governs an entire class of cases challenging a host of federal authorizations—including any challenges to future authorizations. *Compare id.* (observing that the statute of limitations

had expired for any future cases, meaning that "no additional suits … could have been filed"). As Petitioners partially concede (at 17), that class includes at least six pending cases,[2] before even accounting for future cases that could implicate Section 324.

Section 324 also does not implicate the Chief Justice's concern about preserving "an adjudicative role for the courts." *Patchak*, 138 S. Ct. at 920 (Roberts, C.J., dissenting). *Patchack* concerned a provision that "dictate[d] the dismissal of a pending proceeding" *on its face*. *Id.* at 917. By contrast, Section 324(e)(1) removes "jurisdiction" for challenges to *certain actions* taken by *certain officials* "necessary for the construction and initial operation" of the Project. It also *grants* "jurisdiction" in the D.C. Circuit for challenges alleging the invalidity of Section 324 or that a challenged action "is beyond the scope of authority conferred by this section." §324(e)(2). These provisions leave "plenty" for the judicial branch to do. *Bank Markazi*, 578 U.S. at 224.

Petitioners' only affirmative authority is an idiosyncratic 152-year-old decision the Supreme Court has clarified and narrowed. Opp. at 5, 11 (relying on *Klein*, 80 U.S. at 146). But this case bears no resemblance to *Klein*. That

---

[2] In addition to the four cases Petitioners identify, the Act could also impact *Sierra Club v. FERC*, No. 20-1512 (D.C. Cir.) and *Bohon v. FERC*, No. 20-5203 (D.C. Cir.), pending now and at the time of the Act's passage.

"deeply puzzling decision" held that a statute impinged on the judicial power "because it attempted to direct the result without altering the legal standards governing the effect of a pardon—standards Congress was powerless to prescribe." *Bank Markazi*, 578 U.S. at 226, 228; *see also United States v. Brainer,* 691 F.2d 691, 695 (4th Cir. 1982). But in contrast to the Executive's exclusive pardon power in *Klein*, Congress plainly has full authority to approve and ratify permits issued under applicable federal laws like the ESA. *See Patchak*, 138 S. Ct. at 910 (plurality op.). Tellingly, Petitioners (at 14 n.7) relegate this Court's entire body of *Klein* cases to a footnote and effectively concede that this panel would have to abandon the Circuit's consistent and repeated interpretation of *Klein* to rule in their favor.

Finally, Petitioners' arguments against mootness (at 18–23) depend completely on their flawed constitutional challenges and fail for the reasons given above. They also squarely conflict with *Friends of the Earth v. Haaland*, No. 22-5036, 2023 WL 3144203 (D.C. Cir. Apr. 28, 2023) (per curiam). Petitioners' half-hearted attempt (at 23) to distinguish *Friends of the Earth* because the BiOp was issued before the Act passed raises a distinction without a difference, especially given that Congress instructed USFWS to "continue to maintain" the BiOp. Act §324(c)(2). This Court would run afoul of the text and purpose of Section 324 if it purported to take any action with respect to the

BiOp that would interfere with the timely construction and operation of the Project.

## CONCLUSION

The Court should dismiss the petition.

Dated:  July 10, 2023

Respectfully submitted,

/s/ George P. Sibley, III

George P. Sibley, III
J. Pierce Lamberson
Hunton Andrews Kurth LLP
951 E. Byrd St.
Richmond, VA 23219
Telephone:  (804) 788-8716
Facsimile:  (804) 343-4733
gsibley@hunton.com
plamberson@hunton.com

Donald B. Verrilli, Jr.
Ginger D. Anders
Helen E. White
Munger, Tolles & Olson LLP
601 Massachusetts Ave. NM
Suite 500E
Washington, DC 20001-5369
Telephone:  (202) 220-1100
Facsimile:  (202) 220-2300
Donald.Verrilli@mto.com
Ginger.Anders@mto.com
Helen.White@mto.com

*Counsel for Mountain Valley Pipeline, LLC*

13

## CERTIFICATE OF COMPLIANCE

I hereby certify that this reply complies with the type-face requirements of Fed. R. App. P. 32(a)(5) and the type-volume limitations of Fed. R. App. P. 27(d)(2)(A).  This reply contains 2,595 words, excluding the parts of the reply excluded by Fed. R. App. P. 27(d)(2) and 32(f).

/s/ George P. Sibley, III
*Counsel for Mountain Valley Pipeline, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2023, I electronically filed the foregoing

**Reply in Support of Motion to Dismiss Petition for Lack of Jurisdiction or,**

**In the Alternative, for Summary Denial** with the Clerk of Court using the

CM/ECF System which will automatically send e-mail notification of such

filing to all counsel of record.


<u>/s/ George P. Sibley, III</u>

*Counsel for Mountain Valley Pipeline, LLC*